# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PENNYMAC HOME LOAN SERVICES, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>ERIC THOMAS MESI,<br><br>            Defendant. | Case No. 2:20-cv-00709-KJD-DJA<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court on Defendant Eric Thomas Mesi's Motion/Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Petition for Removal (ECF No. 1-1), filed on April 20, 2020.

      The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

      In this case, Defendant appears to seek to remove a state court case in which he was not only served, contrary to his allegation, but in which he failed to appear as ordered by the court and told not to contact the court ex parte again or be declared a vexatious litigant. *See, e.g.*, ECF No.

1-2 at p. 1-2.[1] Defendant's attempt to appeal the state court case via untimely removal to this court is improper. As such, the complaint does not establish this Court's subject matter jurisdiction and it is clear that amendment cannot cure that deficiency.

As the Court is lacking subject matter jurisdiction, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice to Plaintiff seeking relief in state court and that his application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 23, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] As Plaintiff is proceeding *pro se*, the Court construes his arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).