UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENNYMAC HOME LOAN SERVICES, LLC,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC THOMAS MESI,<br><br>　　　　　　　　　　　　　Defendant. | Case No. 2:20-cv-00709-KJD-DJA<br><br>**ORDER** |

　　　　Before the Court is a Report and Recommendation ("Report") (ECF No. 3) prepared by Magistrate Judge Albregts, which recommends denying as moot Defendant Eric Thomas Mesi's Motion/Application for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 1). The Report also recommends denying Defendant's Petition for Removal (ECF No. 1) and dismissing the case for lack of subject matter jurisdiction. Mesi filed his objections to the Report (ECF No. 5). Plaintiff Pennymac Home Loan Services, LLC ("Pennymac") responded (ECF No. 6) and alternatively moved to remand (ECF No. 6). Mesi has responded to Pennymac's motion (ECF No. 7).

　　　　Pursuant to 28 U.S.C. § 636 (b)(1) and LR IB 3-2, the Court has performed a de novo review of the record in this case. For the reasons herein, this Court finds that the Magistrate Judge's Report (ECF No. 3) should be ADOPTED and AFFIRMED IN PART. The Court adopts the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction. However, rather than dismiss Pennymac's case, the Court elects to remand the case to the Eighth Judicial District Court for further proceedings. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**I.     Background**

Mesi's Petition for Removal (ECF No. 1) is unclear. From what the Court can gather, Pennymac brought causes of action against Mesi in the Eighth Judicial District Court in August of 2019. See Case No. A-1 9-800075-C (Petition for Removal, ECF No. 1-A). Mesi appears to seek to remove a state court case in which he was not only served, contrary to his allegation, but in which he failed to appear as ordered by the court and was told not to contact the court ex parte again or be declared a vexatious litigant. See, e.g., ECF No. 1-2 at 1–2.

Mesi then removed the case to this Court. See ECF No. 1. Magistrate Judge Albregts entered a Report (ECF No. 3), recommending that petitioner's application for removal be denied and the case dismissed without prejudice for lack of subject matter jurisdiction. Mesi filed his objections to the Report (ECF No. 5). Pennymac responded (ECF No. 6) and alternatively filed a Motion to Remand (ECF No. 6). Mesi filed his response to the motion (ECF No. 7).

**II.    Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; See also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441.

Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharma., Inc. v. Thompson, 478 U.S. 804, 808 (1986). The well-pleaded

complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, a well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27–28 (1983).

### III. Analysis

#### A. Subject Matter Jurisdiction

In his Petition for Removal (ECF No. 1), Mesi asserts that this matter is removable on the basis of both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction to exist under § 1332, the plaintiff must be of diverse citizenship from each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

First, the Court finds that it lacks federal question jurisdiction because Pennymac's complaint does not present a question of federal law. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392. Here, Pennymac argues that federal question jurisdiction does not exist because they have not asserted any federal claims. P.'s Mot. to Remand 3, ECF No. 6. This Court agrees and finds that Pennymac's complaint relies exclusively upon state law in asserting a cause of action, and therefore, provides no basis for federal jurisdiction.

Second, the Court finds that Mesi has failed to satisfy his burden of establishing the existence of diversity jurisdiction under § 1332. Here, Pennymac further argues that diversity jurisdiction does not exist because "nothing on the face of the pleading supports an amount in controversy in excess of $75,000.00." Id. at 2. This Court agrees. Accordingly, Mesi has failed to demonstrate that § 1332 vests this Court with diversity jurisdiction.

### B. Timeliness of Removal

Moreover, Pennymac argues that the Petition for Removal is untimely, and that remand is due on that basis. Id. at 1–2. It appears that Pennymac is arguing that the Petition for Removal is untimely because it was not filed within 30 days of Mesi's receipt of service of the state court complaint. See 28 U.S.C. § 1446(b)(1) ("The notice of removal … shall be filed within 30 days after the receipt by the defendant … of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based").

Not only was Mesi served in November 2019, contrary to his allegation, but he failed to appear as ordered by the court and was told not to contact the court ex parte again. See, e.g., ECF No. 1-2 at 1–2. On April 20, 2020, Mesi filed for removal—well after thirty days from the date of service. See id. This Court finds it is improper for Mesi to attempt to appeal the state court case via untimely removal.

Having found that this Court lacks subject matter jurisdiction, the question becomes whether remand or dismissal is warranted. It is within the Court's discretion to do either. See 28 U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). As discussed above, Pennymac has requested that the Court remand this case instead of dismissing it. After all, Pennymac is the party who brought the case initially and has valid causes of action pending against Mesi. It is clear that Mesi improperly removed this case, and the Court need not punish Pennymac by dismissing its case after Mesi improperly dragged them here. Therefore, the Court grants Pennymac's alternative Motion to Remand.

///
///
///
///
///
///
///

**IV.   Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED IN PART.**

**IT IS HEREBY ORDERED**, that Plaintiff Pennymac's alternative Motion to Remand (ECF No. 6) is **GRANTED.**

All other motion are denied as moot.

Dated this 24th day of June, 2020.

						_____
						Kent J. Dawson
						United States District Judge